AO 91 (Rev. 11/11) Criminal Complaint

# UNITED STATES DISTRICT COURT
for the
Middle District of Florida

| | |
|---|---|
| United States of America<br>v.<br>Luis Alberto Vernaza Castro, and<br>Catalino Hurtado Quintero<br><br>*Defendant(s)* | Case No.<br><br>8:24MJ2851 SPF |

## CRIMINAL COMPLAINT

I, the complainant in this case, state that the following is true to the best of my knowledge and belief.
On or about the date(s) of __November 17, 2024__ in the county of __Hillsborough__ in the __Middle__ District of __Florida__, the defendant(s) violated:

| Code Section | Offense Description |
|---|---|
| 46 U.S.C. §§ 70503(a) and 70506(a) | Possession with Intent to Distribute 1,000 Kilograms or more of Marijuana |

This criminal complaint is based on these facts:

See Attached Affidavit.

☑ Continued on the attached sheet.

_____
Complainant's signature

Nicolas E. Turasz, FBI Special Agent
*Printed name and title*

Sworn to before me over the telephone or other reliable electronic means and signed by me pursuant to Fed. R. Crim. P. 4.1 and 4(d).

Date: 11/26/2024

_____
Judge's signature

City and state: Tampa, Florida

SEAN P. FLYNN, U.S. Magistrate Judge
*Printed name and title*

## AFFIDAVIT IN SUPPORT OF A CRIMINAL COMPLAINT

I, Nicolas E. Turasz, being duly sworn, depose and state the following:

1. I submit this affidavit in support of a criminal complaint charging two individuals— **LUIS ALBERTO VERNAZA CASTRO** and **CATALINO HURTADO QUINTERO** —with knowingly and willfully conspiring to possess with the intent to distribute 1,000 kilograms or more of marijuana, a Schedule I controlled substance, while on board a vessel subject to the jurisdiction of the United States, in violation of Title 46 U.S.C. §§ 70503(a) and 70506(a), and 21 U.S.C § 960(b)(1)(G).

2. I have been a Special Agent with the Federal Bureau of Investigation ("FBI") since 1996. During my twenty-nine years with the FBI, I have participated in numerous past law enforcement training programs related to criminal investigations. I have worked as a Special Agent with the Operation Panama Express Strike Force from July 2004 to the present. Operation Panama Express is a Federal Organized Crime Drug Enforcement Task Force ("OCDETF") composed of the following agencies: Drug Enforcement Administration ("DEA"), Federal Bureau of Investigation ("FBI"), Immigration and Customs Enforcement, Homeland Security Investigations ("HSI"), United States Coast Guard ("USCG"), United States Attorney's Office (USAO) of the Middle District of Florida and CGIS. Special Agents assigned to Operation Panama Express investigate Transnational Criminal Organizations that use maritime conveyances, like go-fast vessels, to smuggle illicit drugs through international waters of the Pacific Ocean and Caribbean Sea for later distribution into the United States of America.

3. As an FBI Special Agent, I have participated in numerous criminal investigations of individuals who are in violation of laws and statutes of the United States and the United States Code of Federal Regulations. While assigned to Operation Panama Express Strike Force, I have worked more than seventy-five criminal investigations involving maritime drug cases out of the Middle District of Florida. Prior to becoming a Special Agent with the FBI, I was a private attorney in Palm Beach County from 2004 to 2006, specializing in negligence and civil cases. I am still in good standing with the Florida Bar.

4. The information contained herein is either personally known to me or has been provided to me by other law enforcement officers with whom I have worked on this investigation. This affidavit is submitted for the limited purpose of establishing probable cause for the criminal charges set forth herein and, therefore, does not contain each and every fact known to me or other law enforcement agents concerning this investigation.

5. The USCG has the authority under 14 U.S.C. § 522 to make inquiries, examinations, inspections, searches, seizures, and arrests upon the high seas and waters over which the United States has jurisdiction, in order to enforce federal laws.

## PROBABLE CAUSE

6. On or about November 17, 2024, while on routine patrol in the eastern Pacific Ocean, a marine patrol aircraft (MPA) detected a go-fast vessel ("GFV") approximately 84 nautical miles off Jicarita Island, Panama and in international waters with packages onboard. The United States Coast Guard (USCG) Cutter

2

VENTUROUS, with an embarked USCG Law Enforcement Detachment (LEDET) 102, and a USCG helicopter, was diverted to investigate the suspect GFV.

7. USCG Cutter VENTUROUS requested USCG District 11 to grant a Statement of No Objection ("SNO") to conduct a Right of Visit (ROV) boarding of the GFV which was immediately granted. District 11 also authorized the USCG Cutter VENTUROUS to use both airborne and surface force on the GFV.

8. A USCG helicopter deployed from the USCG Cutter VENTUROUS. The helicopter then utilized disabling fire. That fire ultimately disabled the outboard engines on the GFV.

9. The USCG Cutter VENTUROUS then launched an "Over the Horizon" (OTH) tactical craft to intercept the GFV. This OTH craft had a Coast Guard LEDET team onboard. Once on scene, the GFV was dead in the water from the disabling fire. The Coast Guard Boarding Team found two crewmembers on board the GFV: LUIS ALBERTO VERNAZA CASTRO and CATALINO HURTADO QUINTERO.

10. Because there was no physical country flag flown on the GFV, no registration documents, no master identified, no claim of nationality, and the location of the GFV in international waters, the boarding team treated the GFV as a vessel without nationality and subject to the laws of the United States.

11. The USCG Cutter VENTUROUS recovered 70 bales of suspected contraband from the GFV. The boarding team conducted two narcotics identification kit tests, which returned positive for marijuana. The 70 bales had a

3

total at-sea weight of approximately 4,270 pounds or approximately 1,937 kilograms of marijuana. The boarding team then seized the 70 bales of marijuana and detained the two crewmembers.

## CONCLUSION

12. Based on my training, experience, and knowledge of the investigation, I respectfully submit that there is probable cause to believe that the two defendants named above knowingly and willfully conspired with each other and other persons to possess with intent to distribute 1,000 kilograms or more of marijuana, while on board a vessel subject to the jurisdiction of the United States, in violation Title 21, United States Code, Section 960(b)(1)(B)(ii) and 960(b)(1)(G) as described herein.

_____
Nicolas E. Turasz
Special Agent
Federal Bureau of Investigation

Sworn to by the applicant in accordance with the requirements of Fed. R. Crim. P. 4.1 and 41(d)(3) via telephone this 26th day of November, 2024.

_____
SEAN P. FLYNN
United States Magistrate Judge

4